SUCCESSORS OF ALEJO LLUL & Co., *S. en C.*, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 954. Argued March 19, 1934.—Decided March 29, 1934.

*Guillermo Estrella* for petitioner. *José Sabater* for defendant in the main action.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff brought an action to recover not more than one hundred dollars in the Municipal Court of Mayagüez. Affixed to the complaint was a revenue stamp of the value of one dollar as required by section 3 of "An Act establishing special proceedings in the municipal courts of Porto Rico, and for other purposes," approved April 29, 1921. (Session Laws of that year, p. 112.) The secretary acting under authority of section three, canceled the stamp, and, it appearing to the municipal judge that the case came within the provisions of the Law of 1921, he ordered the issuance of a summons as provided by section one thereof. This order was dated January 12, 1934, and fixed January 15 as the day on which defendant was to appear and answer. The summons

was served January 13. Defendant, by his attorney, appeared and answered January 15, as required by the summons without raising any objections at that time to the procedure adopted. The court, at the instance of plaintiff then set the case for trial. This was also done in accordance with the provisions of the Law of 1921, without the formality of first having the case placed upon the regular calendar. On the day preceding that fixed for the trial, defendant, by his attorney, filed a motion to strike the complaint from the files and to dismiss the action for want of jurisdiction because the complaint was in the ordinary form prescribed by the Code of Civil Procedure, and plaintiff had canceled a one dollar revenue stamp only as though the action were one authorized by the Act of 1921. The municipal judge denied this motion and, after a trial on the merits, rendered judgment for plaintiff. Defendant appealed and renewed his motion in the district court.

The argument both in the municipal court and in the district court was that the simplified procedure prescribed by the Law of 1921 could not be adopted and followed in the absence of any indication in the complaint of a desire on the part of plaintiff to pursue this course. The district judge concurred in this view and, as the Code of Civil Procedure requires the cancellation of revenue stamps to the amount of three dollars on the filing of the complaint in an ordinary action, dismissed the case for want of jurisdiction.

The obvious purpose of the Law of 1921 was to eliminate technical details of pleading and practice and to provide a simple, speedy, and effective method of procedure in cases involving not more than one hundred dollars. The fact that the amount sought to be recovered herein was not more than one hundred dollars, coupled with the fact that plaintiff had affixed to its complaint a stamp of one dollar instead of stamps of three dollars was enough to justify the secretary and the judge of the municipal court in assuming that plaintiff had elected and intended to pursue the remedy and course of pro-

cedure prescribed by the Law of 1921. Defendant himself at first acquiesced in this view by appearing and answering as required by the summons within two days after service thereof. Plaintiff then ratified the procedure which had been followed up to this point by requesting that the case be set forthwith for trial. Defendant's motion to strike the complaint and to dismiss the action for want of jurisdiction, upon the theory that the case did not come within the provisions of the Law of 1921, might have been entitled to more consideration than it received in the municipal court if it had been made at or before the time of defendant's answer. When presented at the threshold of the trial the case had already become, if it was not originally, one that should be tried in accordance with the provisions of the Law of 1921.

The municipal judge did not err in denying the motion. The district judge should likewise have denied the same and proceeded to the trial *de novo* in accordance with the provisions of the Law of 1921.

The ruling in question must be reversed and the case will be remanded for further proceedings not inconsistent herewith.